UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BERTUCCI CONTRACTING, LLC as Owners and/or operators of the M/V JULIE and owner *pro hac vice* of Barges GB 954 and GB 20102 | CIVIL ACTION<br><br>NO. 11-1328<br><br>SECTION "K"(5) |
| CONSOLIDATED WITH | |
| CAROL STEELE, RONALD STEELE, ROBIN PALMISANO, DONITA SCLADWEILER, JERRY FAULKNER, AND ALLEN COULON | CIVIL ACTION |
| VERSUS | NO. 11-1357 |
| BERTUCCI CONTRACTING CO., L.L.C. | SECTION "K"(5) |

ORDER AND OPINION

Before the Court are the "Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" filed on behalf of Bertucci Contracting, L.L.C. ("Bertucci") (Doc. 31) which seeks to dismiss the claims of plaintiffs/defendants-in-limitation Carol Steele, et al and Sandra Simmons and the "Ex Parte Motion to Stay or Dismiss Proceedings" filed on behalf of Bertucci (Doc. 37). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS both motions.

Background

This case arises from an allision between the M/V JULIE MARIE, wile pushing two barges, and the Louisiana 302 bridge, also known as the Leo Kerner Bridge ("Kerner Bridge"), which spans the Intercoastal Waterway and connects the communities of Barataria and Lafitte. As a result of the allison, the bridge sustained damages which prohibited its use by both pedestrians and

vehicles until the damages were repaired. Following the accident the Louisiana Department of Transportation and Development began a pedestrian only emergency ferry service between Barataria and Lafitte.

Shortly after the allision, Bertucci, the owner and operator of the M/V JULIE MARIE, filed a limitation of liability proceeding pursuant to 46 U.S.C.A. §181-196. In connection with the limitation proceeding, the Court ordered that all persons having a claim for any loss, destruction, or damage arising out of the allision between the M/V JULIE MARIE, the barges GD 954 and GD 20102, and the Kerner Bridge must file their respective claims, as provided in Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, on or before October 1, 2011. *In the Matter of the Complaint of Bertucci Contracting, LLC, as Owners and/or Operators of the M/V JULIE* , C.A. 11-1328 (E.D. La.), Docs. 7, 14. The Court also entered therein an "Order Approving Ad Interim Stipulation, Directing Issuance of Notice and Restraining Prosecution of Claims" which "restrained, stayed, and enjoined" the filing of suits, actions or proceedings seeking to "recover damages for or in respect to any loss of life, injury, loss, destruction and/or damages caused by or resulting out of the collision between the M/V JULIE MARIE and barges GD 954 and GD 20102, and the Kerner Bridge on or about May 31, 2011" except in the limitation proceeding. Doc. 7.

Thereafter, Carol Steele and 165 other individuals filed a joint "Answer to Complaint Seeking Limitation of Liability" (Doc. 23). Sandra Simmons filed a separate "Answer to Complaint Seeking Limitation of Liability" (Doc. 26). In each of those answers, the individuals admitted that they had claims arising from the allision. Id. Additionally, in contravention of this Court's prior order, Carol Steele filed a separate putative class action suit, i.e, *Carol Steele, et al v. Bertucci*

*Contracting, L.L.C.*, No. 11-1357, against Bertucci seeking to recover for damages and losses suffered as a consequence of the closure of the Kerner Bridge.  Sandra Simmons is a member of the putative class sought to be certified in the *Carole Steele, et al v. Bertucci Contracting, L.L.C.*

Bertucci moves pursuant to Rule 12(b)(6) of the Federal Rules of Evidence to dismiss the claims of Sandra Simmons, Carol Steele, and the putative class members asserting that because they allege only damages or losses suffered due to the closure of the bridge, as opposed to physical damages, they fail to state a claim for relief (Doc. 31).  Bertucci also moves to stay or dismiss the claims and proceedings filed against it in the putative class action suit filed by Carol Steele (Doc. 37).

## Standard of Review

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Id., 127 S.Ct. at 1969.  "To survive a Rule 12(b)(6) motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1229 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, 127 S.Ct. at 1955.  A claim is facially plausible when

3

the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.   A court should not accept as true a plaintiff's conclusory allegations, unwarranted factual inferences, or unsupported legal conclusions. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 210, 210 (5th Cir. 2010).

## Law and Analysis

*State of Louisiana, ex rel Guste v. M/V Testbank*, 752 F.2d 1019, 1020 (5th Cir. 1985), unequivocally confirmed that economic damages are not available to a plaintiff in a suit involving an unintentional maritime tort absent that plaintiff sustaining physical damage to a proprietary interest.  There the Fifth Circuit opined that "[d]enying recovery for purely economic losses is a pragmatic limitation on the doctrine of foreseeability, a limitation we find to be workable and useful." *Id*. at 1032.

Defendants-in-limitation have not offered any viable basis upon which to distinguish *Testbank*.  Defendants-in-limitation urge that it is reasonable and foreseeable that individuals and organizations located adjacent to the Intracoastal Waterway where the allision occurred would be damaged by the allision, but have offered no jurisprudence permitting an award of damages absent those individuals and organizations sustaining physical damage.[1]  Moreover, although defendants-in-limitation assert that dismissal of their claims is more appropriately addressed through a motion for summary judgment after "the nature of each of the 166 separate claims have been identified, if it appears that there are no valid maritime law claims by a particular claimants," they have not alleged

---

[1] In their opposition to Bertucci's motion to dismiss defendants-in-limitations claims pursuant to Rule 12(b)(6), defendants-in-limitation urge that they suffered damages that "have their roots in physical damages," but there is no allegation that the claimants sustained physical damages as a direct result of the allision.  This is the very type of damages which is precluded by *Testbank*.

any facts in their answers or claims that can, even construed liberally, be considered to be a claim of physical damages, nor have they moved for leave to amend their answers or claims to include such allegations.  The claims of defendants-in-limitation do not allege sufficient factual matter to make them facially plausible.

Defendants-in-limitation also contend that they have a valid claim against Bertucci under Louisiana state law.  The Court disagrees.  "It is well established that the invocation of federal admiralty jurisdiction results in the application of federal admiralty law rather than state law.  While our maritime decisions are informed by common law developments in the state courts, there is no requirement, as in diversity cases, that state law be adopted."  *State of Louisiana ex rel Guste v. M/V Testbank*, 752 F.3d at 1031-32 (internal citations omitted); see also *In re Taira Lynn Marine Limited Number 5, LLC*, 444 F.3d 371, 380, citing *IMTT-Gretna v. Robert E. Lee SS*, 993 F.2d 1193, 1195 (5th Cir. 1993)("To allow state law to supply a remedy when one is denied in admiralty would serve only to circumvent the maritime law's jurisdiction.").  Therefore, a state law claim is precluded.

It is possible that one day admiralty law will permit recovery by plaintiff in a suit for an unintentional maritime tort absent that plaintiff sustaining physical damage to a proprietary interest; however, given the continued validity of *Testbank*, that day is not today.  Accordingly, Bertucci's the motion to dismiss pursuant to Rule 12(b)(6) is  GRANTED.

Furthermore, as noted previously, plaintiff Carol Steele's filing of the putative class action suit against Bertucci violated the Court's prior order enjoining the filing of such a suit.  Considering the Court's prior order restraining the filing of such a suit and the reasoning set forth herein above for dismissing the claims of the defendant-in-limitation, the Court also grants Bertucci's "Ex Parte Motion to Stay or Dismiss Proceed" and dismisses plaintiffs' claims in *Steele v. Bertucci*

5

*Contracting Co., LLC*, C.A. 11-1357 (E.D. La).

New Orleans, Louisiana, this 18th day of April, 2012.

                                                            STANWOOD R. DUVAL, JR.
                                             UNITED STATES DISTRICT JUDGE