## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BERTUCCI CONTRACTING, LLC as Owners and/or operators of the M/V JULIE and owner *pro hac vice* of Barges GB 954 and GB 20102 | CIVIL ACTION<br><br>NO. 11-1328<br><br>SECTION "K"(5) |
| **CONSOLIDATED WITH** | |
| CAROL STEELE, RONALD STEELE, ROBIN PALMISANO, DONITA SCLADWEILER, JERRY FAULKNER, AND ALLEN COULON | CIVIL ACTION |
| VERSUS | NO.  11-1357 |
| BERTUCCI CONTRACTING CO., L.L.C. | SECTION "K"(5) |

## ORDER AND OPINION

Before the Court is the "Motion for New Trial" filed on behalf of plaintiffs/defendants-in-limitation Carol Steele, *et al* (Doc. 40).  In this motion filed pursuant to Rule 59 of the Federal Rules of Civil Procedure, defendants-in-limitation challenge the Court's Order and Opinion dismissing their claims.    Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion for new trial.

Because there was no trial in this matter, the Court construes the motion as one to alter or amend a judgment pursuant to Rule 59(e).  This Court has recognized four grounds upon which a Rule 59(e) motion may be granted:  (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, (4) or an intervening change in controlling law.  *In Re Katrina Canal Breaches Consolidated Litigation*, 2009 WL 5216897 at 1(E.D. La. December 29, 2009).  The Court has further recognized

that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly." *Id.* (*see* Wright, Miller & Kane, *Federal Practice & Procedure*: Civil 2d §2810.1, p. 124*, Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D. La. Aug. 30, 1995). The standard for Rule 59(e) "favors denial of motion to alter or amend a judgment." *Southern Contractors Group, Inc. v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir. 1993).

Prior to granting Bertucci Contracting L.L.C.'s motion to dismiss the claims of the plaintiffs/defendants-in-limitation, the Court carefully reviewed the parties' briefs and the relevant law. In its prior Order and Opinion (Doc. 39) the Court found *State of Louisiana, ex rel Guste v. M/V Testbank,* 752 F.2d 1019 (5th Cir. 1985) to be controlling and stated that "[d]efendants-in-limitation have not offered any viable basis upon which to distinguish *Testbank.*" Plaintiffs/defendants-in-limitation now attempt to distinguish *Testbank.* They contend that they, unlike the claimants in *Testbank*, are non-maritime parties with no connection to traditional maritime activities and urge that there is nothing in the maritime law abrogating state law remedies for such non-maritime actors. The Court disagrees.

The analysis must necessarily begin by examining jurisdiction. The Admiralty Extension Act, 46 U.S.C. §30101(a) ("Act") specifically extends admiralty and maritime jurisdiction to "cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done on consummated on land." The Act does not exclude from admiralty and maritime jurisdiction claims brought by non-maritime parties who have no connection to traditional maritime activities. Certainly Congress could have imposed such a limitation had it intended to exclude such claims from the admiralty and maritime jurisdiction. The failure to include such an

exclusion mandates admiralty jurisdiction over the claims at issue, which fall squarely within the jurisdictional boundaries of the Admiralty Extension Act.

Moreover, "[i]t is well established that the invocation of federal admiralty jurisdiction results in the application of federal admiralty law rather than state law.  While our maritime decisions are informed by common law developments in the state courts, there is no requirement, as in diversity cases, that state law be adopted." *State of Louisiana ex rel Guste v. M/V Testbank*, 752 F.2d at 1031-32 (internal citations omitted); see also *In re Taira Lynn Marine Limited No. 5, LLC*, 444 F.3d 371, 380.  In *IMTT-GRETNA v. Robert E. Lee SS*, 1992 WL 266153 (E.D. La. September 28, 1992), the district court addressed whether state law could be applied in a suit grounded on admiralty jurisdiction under the Admiralty Extension Act where there was also diversity of citizenship. Plaintiff, the lessee of part of a docking facility struck by a vessel, sought to recover, under the general maritime law and state law, the value of loss of use of the facility and its lost profits. Applying *Testbank,* the district judge concluded that because the rights granted under plaintiff's lease fell "short of the possession and control necessary to constitute a 'proprietary interest' in the dock, plaintiff could not recover its economic losses.  *Id.*  The district court further held that maritime law applied to the case and precluded the application of state law.  *Id.*  The Fifth Circuit affirmed the district court's conclusion that state law could not be applied, stating "[t]o allow state law to supply a remedy when one is denied in admiralty would serve only to circumvent the maritime law's jurisdiction."  *IMTT-GRETNA v. Robert E. Lee SS* 993 F.2d 1193, 1195 (5th Cir. 1993).

Nor does the fact that the claimants are non-maritime actors warrant a departure from *Testbank's* holding that economic damages are not available to a plaintiff in a suit involving an

3

unintentional maritime tort absent that plaintiff sustaining physical damage to a proprietary interest. "[T]he federal interest in protecting maritime commerce is often best served by the establishment of uniform rules of conduct." *Id.* at 1032. The *Testbank* rule is "a pragmatic limitation on the doctrine of foreseeability, a limitation we find to be workable and useful." *Id.* The necessity of the limitation on the doctrine of foreseeability is no less essential when the claimants seeking relief are non-maritime actors who have no connection with traditional maritime activities. In reviewing plaintiffs/defendants-in-limitations' motion and its prior ruling, the Court has not detected any manifest error of law or fact upon which it based its prior ruling dismissing the disputed claims. Nor have plaintiffs/defendants-in-limitation offered any "new evidence" which requires reconsideration of the Court's prior ruling. Accordingly, the motion is DENIED.

New Orleans, this 6th day of July, 2012.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE

4