UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT                    CIVIL ACTION
OF BERTUCCI CONTRACTING, LLC as
Owners and/or operators of the M/V JULIE          NO. 11-1328
and owner *pro hac vice* of Barges GB 954 and
GB 20102                                          SECTION "K"(5)

## ORDER AND OPINION

Before the Court is the "Second Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)" filed on behalf of Bertucci Contracting, L.L.C. ("Bertucci") (Doc. 49) which seeks to dismiss claimants/defendants-in-limitation Lafitte, Barataria, Crown Point Volunteer Fire Company ("Fire Company"), IESI LA Corporation ("IESI"), Parish of Jefferson ("POJ"), Bourgeois Fishing Charters, Inc. ("Bourgeois"), New Orleans Paddlewheels, Inc. d/b/a Jean Lafitte Swamp Tours ("Paddlewheels"), and Sheriff Newell Normand, Sheriff of Jefferson Parish. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

Background

This case arises from an allision between the M/V JULIE MARIE, while pushing two barges, and the Louisiana 302 bridge, also known as the Leo Kerner Bridge ("Kerner Bridge"), which spans the Intercoastal Waterway and connects the communities of Barataria and Lafitte. As a result of the allison, the bridge sustained damages which prohibited its use by both pedestrians and vehicles until the damages were repaired.

Shortly after the allision, Bertucci, the owner and operator of the M/V JULIE MARIE, filed a limitation of liability proceeding pursuant to 46 U.S.C.A. §181-196. In connection with the

limitation proceeding, the Court ordered that all persons having a claim for any loss, destruction, or damage arising out of the allision between the M/V JULIE MARIE, the barges GD 954 and GD 20102, and the Kerner Bridge must file their respective claims, as provided in Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, on or before October 1, 2011. *In the Matter of the Complaint of Bertucci Contracting, LLC, as Owners and/or Operators of the M/V JULIE* , C.A. 11-1328 (E.D. La.), Docs. 7, 14. The Court also entered an "Order Approving Ad Interim Stipulation, Directing Issuance of Notice and Restraining Prosecution of Claims" which "restrained, stayed, and enjoined" the filing of suits, actions or proceedings seeking to "recover damages for or in respect to any loss of life, injury, loss, destruction and/or damages caused by or resulting out of the collision between the M/V JULIE MARIE and barges GD 954 and GD 20102, and the Kerner Bridge on or about May 31, 2011" except in the limitation proceeding. Doc. 7.

Thereafter Fire Company, IESI, POJ, Bourgeois, Paddlewheels, and Sheriff Newell Normand, among others, filed claims seeking to recover various costs incurred as a result of the allision or the subsequent closure of the Kerner Bridge. Specifically, the claimants seek recovery for the following:

- Fire Company - costs incurred for "additional and extraordinary services, supplies, and equipment from the Fire Company" due to the closure of the Kerner Bridge;[1]
- IESI- costs incurred for "additional and extraordinary services, costs, expenses, supplies and equipment from IESI" due to the closure of the Kerner Bridge;[2]
- POJ - costs incurred in providing services, including

---

[1] Doc. 50, p.2.

[2] Doc. 16, p. 6.

     emergency medical services to the residents of Lafitte and Barataria, Louisiana due to the closure of the Kerner Bridge;[3]
- Paddlewheels - costs incurred in providing the use of a vessel and two licensed captains to transport the general public, emergency personnel, and the U.S. Mail Service across the waterway;[4] and
- Sheriff Newell Normand - costs incurred in staffing and providing emergency equipment in the aftermath of the allision.

Bourgeois has not filed a claim in this matter; however, it has filed an answer to Bertucci's complaint, and the claim submitted by POJ includes an invoice for services provided by Bourgeois for the Parish of Jefferson which include the cost of ferrying residents across the waterway due to the closure of the Kerner Bridge.

  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Bertucci moves to dismiss all of the claims identified above asserting that because they allege only economic losses suffered due to allision or the subsequent closure of the bridge, as opposed to physical damages, they fail to state a claim for relief (Doc. 49).

Standard of Review

  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to

---

[3] Doc. 68, p. 1-2.

[4] The Parish of Jefferson has also made a claim for this amount as it contracted with Paddlewheels to provide these services.

relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Id., 127 S.Ct. at 1969. "To survive a Rule 12(b)(6) motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1229 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, 127 S.Ct. at 1955. A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court should not accept as true a plaintiff's conclusory allegations, unwarranted factual inferences, or unsupported legal conclusions. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 210, 210 (5th Cir. 2010).

Law and Analysis

*State of Louisiana, ex rel Guste v. M/V Testbank*, 752 F.2d 1019, 1020 (5th Cir. 1985), unequivocally confirmed that economic damages are not available to a plaintiff in a suit involving an unintentional maritime tort absent that plaintiff sustaining physical damage to a proprietary interest. There the Fifth Circuit opined that "[d]enying recovery for purely economic losses is a pragmatic limitation on the doctrine of foreseeability, a limitation we find to be workable and useful." *Id*. at 1032.

Defendants-in-limitation assert that *Testbank* is not applicable here because unlike the claims for lost profits in *Testbank* and its progeny, the claims at issue herein are claims for recovery of actual costs incurred. Defendants-in-limitation cite no jurisprudence supporting their contention that in a maritime negligence suit a claimant can recover actual expenses incurred absent having

4

sustained physical damage to a proprietary interest. Furthermore, the Court finds that such a conclusion requires an unreasonably narrow interpretation of *Testbank.*

Several defendants-in-limitation, relying on *U.S. v. P/B STCO 213 On 527 979*, 756 F.2d 364 (5th Cir. 1985), contend that *Testbank* is inapplicble to their claims because the claims arise from theories of quasi-contract or unjust enrichment. In *PB STCO*, pursuant to the Federal Water Pollution Control Act, the United States sued the owner of a barge which had spilled oil into Galveston Bay, to recover the cost of the clean-up after the barge owner failed to remove the oil. The United States Court of Appeals for the Fifth Circuit construed the United States' claim as "an action founder upon a contract implied in the law (quasi-contract)." rather than one for "compensatory damages." *Id.* at 366. The Fifth Circuit noted that:

> Courts have consistently recognized these principles and have imposed on defendants a quasi-contractual obligation to reimburse a plaintiff, who has performed a duty, at his own expense, where the defendant was primarily obligated to discharge the duty. This is especially true where the performance of the duty was necessary to preserve the public's welfare.

*Id.* at 371. *PB STCO* offers no relief to any claimant or defendant-in-limitation in this case. There the government incurred the expenses for which it sought reimbursement as a result of its discharging a duty that the polluter, i.e., the barge owner, breached by failing to clean up the water pollution resulting from the oil leak. The Federal Water Pollution Control Act, which was at issue in *PB STCO*, placed the primary duty for cleaning up the pollution on the polluter; however, that statute authorized the government to recover clean up costs where the polluter fails to fulfill its statutory duty to conduct the clean-up. Here, there was no statutory duty involved. The costs for which reimbursement is sought did not flow from the breach of a duty owed by Bertucci to the claimants. This distinction renders *PB STCO* inapplicable. Because defendants-in-limitation have

not offered any viable basis upon which to distinguish *Testbank*, the Court GRANTS Bertucci's motion to dismiss pursuant to Rule 12(b)(6).

    New Orleans, Louisiana, this 2nd day of January, 2013.

                                                                     STANWOOD R. DUVAL, JR.
                                                        UNITED STATES DISTRICT JUDGE