## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT
**OF BERTUCCI CONTRACTING CO.,  L.L.C.**                    **CIVIL ACTION**

**VERSUS**                                                                 **NO. 11-1328**

**M/V JULIE MARIE AND OWNER PRO HAC**
**VICE OF BARGES CG 954 AND GC 20102**                    **SECTION "K"**


### ORDER AND OPINION

Before the Court is a "Motion to Review and Objection to Magistrate Judge's Ruling on a Motion to Compel Production of Recorded Statement."  Doc. 85.  The Defendant in limitation filed the motion on behalf of the State of Louisiana, through its Department of Transportation and Development ("DOTD").  Defendant requests a review of the Order of Magistrate Judge Alma L. Chasez regarding the Motion to Compel Production of Recorded Statement filed by the Defendant.  Doc. 67.  Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, grants Defendant's "Motion to Review and Objection to Magistrate Judge's Ruling on a Motion to Compel Production of Recorded Statement."

### I. Background

In May 31, 2011, Lorraine Coleman allegedly witnessed a marine allision between the M/V JULIE MARIE, its tow, and the Louisiana 302, "Leo Kerner" bridge.  The allision caused extensive damage and resulted in Bertucci Contracting Co., L.L.C. ("Bertucci") filing a

limitation action.  At the time of the allision, Ms. Coleman was the on duty bridge tender.  After the allision, Bertucci, plaintiff in limitation, obtained a statement from Ms. Coleman.

## II.  Procedural History

Prior to Ms. Coleman's deposition, DOTD requested a copy of Ms. Coleman's previous statement from Bertucci. On October 3, 2012, Bertucci refused to produce this statement until after Ms. Coleman's deposition.  Accordingly, DOTD declined to permit the deposition of Ms. Coleman prior to the production of her previous statement.  DOTD filed a Motion to Compel Production of a Recorded Statement on October 31, 2012.  Magistrate Judge Chasez heard oral arguments via telephone on October 31, 2012.  Magistrate Chase ordered that Bertucci produce the statement to DOTD one day before the deposition; and that, DOTD not discuss the contents of the statement with Ms. Coleman until Bertucci completed its questioning of her during the deposition.

## III.  Law and Analysis

Both parties agree that the order under review is a "non-dispositive matter" and that the district court must review the Magistrate Judge's decision under a clearly erroneous or contrary to law standard. Doc. 85-1; Doc. 88.  DOTD asserts that, under Federal Rule of Civil Procedure 26(b)(3)(C), Bertucci is required to show good cause in order to delay production of Ms. Coleman's previous statement.  Doc. 85-1.  Conversely, Bertucci contends: (1) that Fed. R. Civ. P. 26(b)(3)(C) is a permissive provision; and (2) that it is DOTD's burden to prove that good cause exists before the court may order discovery of the requested matter.  Doc. 88.  Both parties claim that the other has failed their respective burden of showing good cause.  Thus, the issue

hinges on whether either party should be required to show good cause and whether that party made such a showing.

As a general rule, Fed. R. Civ. P. 26 (b)(1) states that: "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  However, there are exceptions to 26(b)(1).  Notably, Fed. R. Civ. P. 26 (b)(3)(C) states that: "Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter." (emphasis added).  Thus, a plain reading of the Federal Rules indicates that a witness does not have to exhibit good cause to obtain their own previous statements prior to deposition.  Furthermore, the 1970 Amendment to the Advisory Committee Notes confirms such a reading.  The Notes state that: "A second exception to the requirement of this subdivision [Fed. R. Civ. P. 26 (b)] permits a non-party witness to obtain a copy of his own statement without any special showing."  Fed. R. Civ. P. 26 (b)(3)(C).

A party or non-party has a right to inspect their previous statements regarding the incident in question prior to deposition.  In the Miles v. M/V MISSISSIPI QUEEN, the Fifth Circuit Court of Appeals recognized that 1970 Amendment "made [a] party's statement 'discoverable as a right.'" 753 F.2d 1349, 1351 (5th Cir. 1985) (quoting 8 C. Wright and A. Miller, Federal Practice and Procedure, § 2027 (3rd ed.)).  Judge Rubin acknowledged that courts may withhold production of a witness' previous statement when good cause is shown.  Id. There, the court held the belief "that the plaintiff was guilty of duplicity."  Id.  Accordingly, the Fifth Circuit upheld the District Court's refusal to order the witness' statement until after his deposition. Id. at 1351.  Thus, witnesses are entitled to obtain a copy of their statement prior to their deposition, unless good cause is shown.

3

The burden is on the moving party to show good cause for delaying the production of a witness' previous statement until after their deposition.  In limited situations, a court may issue protective orders to delay the production of a witness' statement until after their deposition. Monceaux v. Bayou Fleet, Inc., CIV.A. 05-2634, 2006 WL 1236055 (E.D. La. May 5, 2006). However, such an order is appropriate "only when the moving party makes 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" Id. (quoting Baggs v. Highland Towing, L.L.C., CIV. A. 99-1318, 1999 WL 539459 (E.D. La. July 22, 1999)) (emphasis added).  In these situations, the burden is placed on the withholding party "to provide particular reasons for seeking the deposition prior to their production of the statement." Id.; see also In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998) (quoting United States v. Garrett, 571 F.2d 1323, 1325 (5th Cir. 1978)) ("[T]he burden is upon the movant to show the necessity of [a protective order], which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."), Sims v. Lafayette Parish Sch. Bd., 140 F.R.D. 338, 339 (W.D. La. 1992) (holding that "both the Advisory Committee Notes and the Fifth Circuit anticipate a showing of cause before a court may delay production of a statement), Hill v. Hornbeck Offshore Services, LLC, CIV.A. 10-2121, 2011 WL 2550510 (E.D. La. June 27, 2011) (quoting Scott v. Litton Avondale Indus., CIV.A. 01-3334, 2003 WL 1913976 (E.D. La. Apr. 17, 2003)) ("It is clear 'that both parties and non-parties are entitled to secure production of any statements they have given without any special showing.'"), and Scott v. Litton Avondale Indus., CIV.A. 01-3334, 2003 WL 1913976 (E.D. La. Apr. 17, 2003) (holding that order delaying the production of statements may only be issued when the moving party shows good cause").  The court held that a mere lacking of other

4

witnesses is insufficient.  Monceaux, CIV.A. 05-2634, 2006 WL 1236055.  The Defendant relies on the Complaint of L.L.P.&D. Marine, Inc..  There, the court held that: "Judges in this District generally follow the practice of requiring the production of statements only *after* a party has been deposed, in order to maintain the integrity of the statement."   Complaint of L.L.P.&D. Marine, Inc., CIV. A. 97-1668, 1998 WL 113937 (E.D. La. Mar. 11, 1998).  Given the numerous reported cases available, the Court does not find this unreported case to be persuasive.  Thus, courts may only grant protective orders, which delay the production of a witnesses' statement until after their deposition, when the moving party has demonstrated good cause.

Bertucci failed to establish good cause to delay the production of Ms. Coleman's statement.  Ms. Coleman is the DOTD's sole witness; however, there are other eye witnesses to the allision.  Berucci argues that they can only "[find] the truth in the present case" by examining Ms. Coleman's unrefreshed recollection.  As discussed in Monceaux, the simple fact that the withheld statement is of the sole witness of an event is insufficient.  CIV.A. 05-2634, 2006 WL 1236055.   Here, Ms. Coleman is not even the sole witness, she is merely the only witness called by the DOTD.  This is clearly not a sufficient showing of good cause.  For these reasons, the Court finds that the Magistrate Judge erred in denying DOTD's Motion to Compel Production of a Recorded Statement and orders Bertucci to produce Ms. Coleman's statement to DOTD within the next five days.  Accordingly, the Court GRANTS Defendant's "Motion to Review and Objection to Magistrate Judge's Ruling on a Motion to Compel Production of Recorded Statement."

New Orleans, Louisiana, this 13th day of February, 2013.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE